# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL YELEY, | ) |
| Appellant, | ) |
| vs. | ) Cause No. 2:14-cv-221-WTL-WGH |
| GERALD R. FORSYTHE, | ) |
| Appellee. | ) |

## ENTRY ON JUDICIAL REVIEW

Appellant Christopher Michael Yeley seeks the reversal of the decision of the bankruptcy court finding $3,000,000 of a debt Yeley owed to Appellee Gerald R. Forsythe to be non-dischargeable. For the reasons set forth below, the bankruptcy court's judgment is **AFFRIMED**.

## I. STANDARD

Under 28 U.S.C. § 158(a), the district courts of the United States have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy courts. On appeal from the bankruptcy court, the district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree, or remand the case for further proceedings. Fed. R. Bankr. P. 8013. The district court conducts a de novo review of questions of law, *e.g.*, *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004), but findings of fact are not set aside unless clearly erroneous and "due regard [must] be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *E.g.*, *Kovacs v. United States*, 614 F.3d 666, 672 (7th Cir. 2010).

## II. BACKGROUND

Forsythe is a businessman from Chicago, Illinois who knew Yeley, an agricultural salesman, through purchasing seed and chemicals for his farming property. On or about July 6, 2004, Forsythe and Yeley entered into an oral agreement to purchase stock for Cabela's Inc., a sporting goods company that was getting ready to complete its initial public offering. Forsythe agreed to provide the funds to purchase the stock, and Yeley purchased it through his brokerage account at Pershing, L.L.C. They agreed that at some time later the stock would be sold and they would share equally in the profits. They also agreed that Forsythe could demand the return of his funds at any time and that the funds would not be used for any purpose other than to purchase the stock.

Thereafter, Forsythe borrowed the funds from his company, Indeck Energy Services ("Indeck"), and sent a check payable to Pershing for three million dollars. On or about July 9, 2004, the check was deposited by Yeley into his account at Pershing. Shortly after he deposited the check, Yeley began transferring the funds to his own personal bank accounts, using, as the bankruptcy court described, Forsythe's "money as [if] it was [Yeley's] own piggy bank." Tr. at 211. In all, from September 14, 2004, through December 18, 2006, Yeley withdrew a total of $2,365,939.00 from the Pershing account. Yeley also used part of the money to buy stock in a different company and sold numerous shares of Cabela's stock at a loss.

Toward the end of 2006, Forsythe notified Yeley that he needed to repay his loan by the end of the year. On or about November 1, 2006, Forsythe requested that Yeley sell enough of the stock to repay him his original investment of three million dollars. Yeley tendered a check payable to Forsythe drawn on an Old National Bank account in the amount of three million. He

asked Forsythe to hold the check until sufficient funds were available; however, the funds never became available and the check was never honored.

In February 2007, Forsythe filed suit against Yeley, his former spouse, and Pershing in Illinois state court alleging breach of contract and conversion. On January 19, 2012, Yeley filed for Chapter 7 bankruptcy protection. The bankruptcy court conducted a trial on March 13, 2013, and entered its judgment in favor of Forsythe and against Yeley in the amount of $1,500,000 on May 8, 2013, finding this amount to be non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (4), and (6). Both parties timely appealed—Forsythe appealed the bankruptcy court's order discharging $1,500,000 of Yeley's debt, and Yeley appealed the bankruptcy court's findings of fact and conclusions of law and its failure to consider his affirmative defenses.

On appeal, this Court reversed the bankruptcy court's judgment and remanded the case as follows:

> [T]he bankruptcy judge only discharged $1,500,000, and there is no explanation as to how he reached that figure or if this figure corresponds to the amount that he believes Yeley obtained by his fraudulent conduct. . . . On remand, the bankruptcy judge should make a specific finding of fact as to what amount of money Yeley obtained by his fraudulent conduct. Once this finding is made, that specific amount should be found to be non-dischargeable. *See* [*Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998)] ("Pursuant to section 523(a)(2)(A), "the share of money, property, etc., that is obtained by fraud gives rise to a nondischargeable debt."). Judgment should then be entered in favor of Forsythe and against Yeley for that specific amount.

Cause No. 2:13-cv-222-WTL-WGH (S.D. Ind. filed June 19, 2013), Dkt. No. 18. Thereafter, on June 3, 2014, the bankruptcy court made the following findings of fact and conclusions of law:

> The Court finds that the Defendant did engaged in fraudulent conduct when he took the money from the Pershing account and used it for personal expenses. *The Court further finds that the Defendant engaged in fraudulent conduct as to the entire sum of $3,000,000* which the Plaintiff gave him in that the Defendant was unable to or refused to give an accounting as to what happened to the Plaintiff's investment. He alone was in control of the funds and had the knowledge as to what he did with said funds—*and the loss of these funds is as a direct result of the Defendant's*

3

> *mishandling and fraudulent conduct in misappropriating the funds for his own benefit and his refusal to explain what he did with the money.*
>
> . . .
>
> The Court finds that the Plaintiff met the burden of proof in showing that the sum of $3,000,000 was obtained by fraud giving rise to a non-dischargeable debt pursuant to section 523(a)(2)(A) .

Dkt. No. 5-17 ¶¶ 6, 17 (emphasis added). Judgment was then issued in favor of Forsythe and against Yeley in the sum of $3,000,000, the amount the bankruptcy court found to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). *See* Dkt. No. 5-18. Yeley timely appealed.

### III. **DISCUSSION**

On appeal, Yeley argues that the bankruptcy court erred in discharging the full $3,000,000 debt. Specifically, he argues that while he did fraudulently obtain over two million dollars, "the [Bankruptcy] Court did not consider market factors or the decline in price which would have occurred despite the transfers by Yeley and which were not caused by his fraud or inappropriate conduct." Dkt. No. 8 at 10. In this regard, he argues that "the Bankruptcy Court failed to follow the remand order of the District Court[.]" *Id*. The Court disagrees.

To begin, the bankruptcy court did follow the instructions of this court on remand. The charge to the bankruptcy court was to make a finding as to what amount Yeley obtained by his fraudulent conduct, and to find that amount to be non-dischargeable. This is exactly what the bankruptcy court did in stating the following: "The Court further finds that the Defendant [Yeley] engaged in fraudulent conduct as to the entire sum of $3,000,000 . . . and the loss of these funds is as a direct result of the Defendant's mishandling and fraudulent conduct in misappropriating the funds for his own benefit and his refusal to explain what he did with the

money." Dkt. No. 5-17 ¶ 6. Thus, the bankruptcy court correctly followed this Court's instructions on remand.[1]

Further, Yeley's arguments regarding the "market factors" are unconvincing. Yeley argues that because the Cabela's stock price dropped from a high of about $25 per share to a low of about $17 per share over the course of the two years in which he was in control of the money, a certain portion of the three million dollars "appears to have been lost due to the decline in the price of the Cabela[']s stock or other factors." Dkt. No. 8 at 8-9. This completely ignores the fact that Forsythe did not even have the chance to "play" the market—either benefiting from the gains or suffering from the losses—because Yeley progressively siphoned the money out of the account for his own personal use, sold the stock at a loss, and used the money to purchase other stocks, all of which were in violation of the agreement between Forsythe and Yeley. Had the full three million dollars remained in the account, Forsythe may have lost a certain amount due to the decline in the Cabela's stock; unfortunately, he lost all of it because of Yeley's fraudulent conduct.

In all, the Court finds no clear error in the bankruptcy court's factual finding that the entire $3,000,000 was lost due to Yeley's fraudulent conduct. *See In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009) ("A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.") (internal quotation marks omitted). Moreover, after making this finding, the bankruptcy court did not err in finding this amount to be non-dischargeable. *See Cohen*, 523

---

[1] Yeley intimates that the bankruptcy court erred in failing to hold further proceedings. *See* Dkt. No. 8 at 5 ("On June 3, 2014, the Bankruptcy Court, without further proceedings, entered its findings of fact and conclusions of law . . ."). To be clear, this Court did not remand with specific instructions to hold any additional proceedings. *See* Cause No. 2:13-cv-222-WTL-WGH (S.D. Ind. filed June 19, 2013), Dkt. No. 18.

U.S. at 218 (noting that pursuant to section 523(a)(2)(A), "the share of money, property, etc., that is obtained by fraud gives rise to a nondischargeable debt").

## IV. CONCLUSION

The judgment of the bankruptcy court is

**AFFIRMED**. SO ORDERED: 1/14/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication